THE PEOPLE, PLAINTIFF AND RESPONDENT, v. QUIÑONES, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in an Action for Aggravated Assault and Battery.

No. 835.—Decided June 26, 1915.

EVIDENCE—FINDINGS OF TRIAL COURT.—When there is a conflict in the evidence it is the province of the trial judge to adjust the same, and in the absence of a powerful reason which would lead the appellate court to a contrary conclusion the decision of the trial judge should prevail.

AGGRAVATED ASSAULT AND BATTERY—PENALTY.—The court held that the circumstances of the case did not justify the imposition of the maximum penalty imposed by the statute—that is, two years in jail—and modified the judgment to imprisonment for six months.

The facts are stated in the opinion.
*Messrs. Tizol & Campillo* for the appellant.
*Mr. Salvador Mestre, fiscal,* for The People.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of San Juan, convicting Catalino Quiñones of aggravated assault and battery and sentencing him to two years in jail and to pay the costs of the action.

The complaint charges Quiñones with having assaulted and beaten Felícita Solís with a cane knife with intent to injure her and that he actually did inflict a bruise upon her, Quiñones being an adult male and Solís a woman ninety years old.

The evidence for the prosecution consisted of the testimony of Felícita Solís and the only ground of the appeal is the allegation that the statements made by Felícita Solís were improbable and contradictory and could not support a judgment of conviction. The testimony of Felícita Solís was as follows:

"Felícita Solís, being duly sworn, upon examination by the *fiscal* testified: That she lives in the Monacillos ward of Río Piedras; that she knows Catalino Quiñones; that she had hardly anything to do with the said Quiñones; that she was standing in the sugar factory with her arms folded and looking out when Quiñones came and struck her; that she does not know why he did so; that he struck her with a cane knife; that she is not a relative of his but he is a friend whom she had reared in her house from boyhood; that she does not know why he struck her; that she never had any business or trouble with him; that he is not the lover of any of her daughters for she has none; that she did not insult him; that she had nothing to do with him; that he struck her a severe blow and when she placed her hand on the spot she felt a swelling; that she is positive it was Catalino; that she did not fall.

"In answer to questions by counsel, she testified that she does not know at what hour this occurred; that everything was quiet; that the store was closed and she was lying down; that when she left Sisito was the only one in the house; that she got up and went downstairs and was looking out; that he was on the road when he came and struck her the blow; that she said, 'Oh, my mother! they have killed me'; that she had got up because everything was quiet; that there was nobody there; that nothing happened at her house; that the boy asked her if she was going down and she told him to let her

go and look around and she remained standing looking out. That
at the time she went down stairs Sisito was not quarrelling with
Catalino; that if they quarrelled it was before then; that she did
not know of any quarrel; that it was not true that she got out of bed
because she saw or heard any disturbance between Sisito and Cata-
lino, because Sisito came from town accompanied by Rosario and the
policeman; that she knows this because Sisito came; that she did
not see him arrive; that when she saw Catalino she did not observe
whether he was wounded because she did not see his face when he
struck her; that she knows it was he because he was in the road,
but that she did not recognize him when he struck her, but that she
knows that it was he that struck her because he was talking to himself.
That it was when she was lying down that she saw Catalino; that
she was in the road when he came and struck her; that Sisito was
not there; that Sisito might have been quarrelling but she is unable
to testify as to that; that it was not for that reason that she got up;
that there was no weapon in her house; that Sisito did not draw a
weapon; that he was not accustomed to carry even a penknife; that
they might have had a quarrel, but that she knows nothing of that;
that she is positive that Catalino dealt her the blow.

"In answer to questions put by the *fiscal* she informed the court
that Sisito is her grandson; that she cannot say how old he is for
she does not know, but that his father had said he was ten years of
age at the time of the storm of Our Lady of the Angels.

"In answer to counsel for the defense she testified that Rosario
Ayala and Sisito arrived together."

The evidence for the defense consists of the testimony of
Rosario Ayala and of the defendant himself. Both testified
that the defendant had a quarrel with Sisito Solís, the grand-
son of Felícita; that Sisito attacked the defendant with a
cane knife; that Felícita intervened and that Sisito then dealt
her the blow with the cane knife and inflicted the injury com-
plained of in this case.

Therefore, there was a conflict in the evidence introduced
and it was decided by the trial judge against the defendant.
But the latter contends that, even admitting the truth of all
the testimony of Felícita Solís, it is not sufficient of itself
to support the judgment sentencing him to imprisonment
for two years.

It is quite true that an analysis of the testimony of Felicita Solís reveals some vagueness and we are unable to deduce clearly therefrom the motives which induced the accused to commit the crime with which he is charged, but it is none the less true that throughout her testimony Felicita Solís, a woman ninety years of age, insists that it was the accused who assaulted and beat her on the night of May 1, 1914, and nobody else. Moreover, the judge of the district court, who was in a position to observe her while she gave her testimony, was convinced that she spoke the truth and in the absence of a powerful reason which would lead us to a contrary conclusion we must accept the decision of the trial judge as just and proper. It does appear to us, however, that the penalty imposed upon the accused is excessive. The crime of assault and battery upon a woman, and especially upon a woman ninety years of age, is indeed grave, but the circumstances surrounding this case do not justify the infliction of the maximum penalty fixed by the statute. In our opinion imprisonment for six months is sufficient.

The judgment appealed from should be modified accordingly.

*Judgment modified and affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.